## BAILEY v. GORDON.

(Court of Appeals of the District of Columbia. Submitted October 13, 1925.    Decided November 2, 1925.)

No. 4236.

1. Vendor and purchaser ⬤➡85, 349—Vendor's agreement to resell for purchaser at profit held rescinded by resale to vendor at original price without reservation of claim for damages for breach of agreement; declaration held defective.

Agreement of seller of land at 43 cents per square foot to resell for purchaser at 50 cents per square foot, and later agreement to resell at $1.25 per square foot, was rescinded by reconveyance of purchaser to seller at original price of 43 cents per square foot, without reservation of any claim for damages for breach of such agreements; and declaration in action for such damages was fatally defective for failure to allege reservation of claim therefor at time of resale.

2. Contracts ⬤➡274—Contract rescinding former contract presumed a mutual release of parties thereunder and general settlement of their differences.

Contract operating to rescind former contract is presumed to operate as mutual release of parties, and constitute general and final settlement of their differences arising under first contract.

Appeal from the Supreme Court of the District of Columbia.

Action by Minnie Bailey against Fulton R. Gordon. From the judgment for defendant, plaintiff appeals.    Affirmed.

L. A. Bailey, of Washington, D. C., for appellant.

R. J. Whitford, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.   Appellant, plaintiff below, filed a declaration in the Supreme Court of the District of Columbia, claiming damages for a breach of contract growing out of the purchase of certain lots by plaintiff from defendant. Defendant demurred to the declaration. The demurrer was sustained, and plaintiff declining to amend, judgment was entered, from which this appeal is prosecuted.

The declaration alleges in substance that the lots were purchased for 43 cents per square foot, with the further agreement on the part of the defendant to sell the lots for plaintiff, after a certain date, for not less than 50 cents per square foot. Defendant failed to carry out this agreement, and entered into a further agreement with plaintiff to sell the lots before the 1st day of May, 1921, for $1.25 per square foot. Defendant again failed to comply with his agreement. Plaintiff then placed the lots on the market at 43 cents per square foot, and thereafter sold them at that price to the defendant. Conveyance was made to defendant, and plaintiff was paid the purchase price in cash, and by return of the unpaid notes which she had given defendant as part of the original purchase price.

[1, 2] We think that, by the resale of the property and the reconveyance to defendant, the previous contracts were rescinded. There is no allegation in the declaration that, in the contract for resale to defendant, plaintiff reserved her right to claim damage for the breach of the alleged agreements. Where a second contract is made, which operates to rescind a former contract, it is presumed to operate as a mutual release of the parties and constitute a general and final settlement of their differences. The rule is clearly stated in 12 Corpus Juris, 364, as follows: "It will be presumed that a general settlement includes all matters in controversy and all demands existing at the time between parties; and while this presumption is not conclusive in its character, it imposes on the party claiming that certain items were not included in the settlement the burden of establishing such fact by a fair preponderance of evidence."

It follows that, if the plaintiff had desired to avail herself of proof to remove this presumption, there should have been an allegation in the declaration to the effect that, when the final agreement was made, she reserved to herself the right to claim damages for the breach of the former contracts. Not having done this, the declaration was fatally defective, and the demurrer was properly sustained.

The judgment is affirmed, with costs.